UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD ROBLES,              ) | |
|                 **Plaintiff,**  ) | |
| v.                              ) | Case No. 22-cv-2212-MMM |
| JENNIFER CHACON, *et al.*,  ) | |
|                 **Defendants.**  ) | |

**MERIT REVIEW ORDER – AMENDED COMPLAINT**

Plaintiff proceeds *pro se* on an amended complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Danville Correctional Center ("Danville"). (Doc. 11). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**ALLEGATIONS**

Plaintiff files suit against an unknown nurse at Danville and Jennifer Chacon, the Healthcare Administrator. Plaintiff alleges that a mental health professional at Danville diagnosed him with PTSD in 2020. Plaintiff was prescribed psychotropic medications for depression, anxiety, and PTSD, including Prazosin and Cymbalta.

1

In December 2021, Plaintiff had been feeling depressed and submitted request slips to the healthcare unit regarding his depression. Plaintiff's psychotropic medications were renewed. On December 24, 2021, Defendant Chacon and the unknown nurse allegedly issued Plaintiff blister packs containing at least 300 pills of Prazosin and Cymbalta, even though Defendants were aware of his mental health condition and that he would injure himself. (Doc. 11 at 5). Plaintiff states that when he received the blister packs, he "couldn't stop himself" and rapidly ingested all the pills. Plaintiff experienced an overdose and was rushed to the hospital, where an IV was administered to flush the medication from his system. When Plaintiff returned to Danville, he was placed in segregation. As a result of the overdose, Plaintiff alleges that he feels even more depressed, older, less coordinated, and disoriented. He also experiences headaches and a chronic "ring" in his ears; he does not feel as sharp mentally; it takes him longer to respond to questions; and he slurs his words sometimes.

## ANALYSIS

Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 104 (1976)). To establish a claim of deliberate indifference under the Eighth Amendment, the plaintiff is required to show that defendants deliberately disregarded a known, objectively serious risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994); *Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018). When the serious risk at issue is attempted suicide, defendants may be culpable if they "(1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Lisle v. Welborn*, 933 F.3d 705, 716–17 (7th Cir. 2019) (quoting *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006)).

Here, Plaintiff alleges that Defendants were deliberately indifferent by giving him blister packs containing at least 300 psychotropic pills, even though they were aware of the risk that he would overdose because he was depressed, had been diagnosed with mental health conditions, and was considered SMI. His allegations are sufficient to state a colorable deliberate indifference claim against Defendants.

Plaintiff is advised that the unknown nurse cannot be served. Plaintiff is placed on notice that it will be his responsibility, through initial disclosures and discovery, to identify the unknown nurse. The failure to do so will result in his or her dismissal.

**IT IS THEREFORE ORDERED:**

1. According to the Court's merit review of Plaintiff's amended complaint under 28 U.S.C. § 1915A, this case shall proceed on the Eighth Amendment deliberate indifference claim stated above against Defendant Jennifer Chacon and the Unknown Nurse. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. Plaintiff files a Motion for Appointment of Counsel [10] asking the Court to appoint pro bono counsel to represent him. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Evaluating whether to recruit counsel involves a two-step process. First, the Court must determine if the plaintiff made a reasonable attempt to secure counsel on his own, or conversely, if he has been precluded from doing so. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). This typically requires submitting letters from several attorneys declining assistance. *See Olson*, 750 F.3d at 711. Second, the Court will determine if, given the difficulty of the case, whether plaintiff appears competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Based on the letters

attached to his Motion, Plaintiff contacted only two law firms to request representation. (Doc. 10 at 2-3). As a result, the Court is unable to determine if Plaintiff made a reasonable attempt to secure his own lawyer. Therefore, [10] is DENIED with leave to renew. If Plaintiff renews his motion, he is directed to provide copies of the letters he has sent to, and received from, prospective counsel. He is also directed to provide information about his education level and prior litigation experience.

3. Plaintiff's Motion Requesting Status of Merit Review Order and Plaintiff's Motion Requesting Counsel [12] is MOOT.

4. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer

or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7. If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. Plaintiff shall be provided a copy of all pertinent medical records upon request.

12. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 2/3/2023

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge